IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

APRIL THOMPSON,

    Plaintiff,

v.   No. 1:25-cv-00921-MIS-KRS

CITY OF ALBUQUERQUE PARKS
AND RECREATION,

    Defendant.

## ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S COMPLAINT

THIS MATTER is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint with Prejudice filed on October 1, 2025 ("Motion"), ECF No. 7. Plaintiff did not file a response but opposes the Motion. *Id.* at 2. For the reasons set forth below, the Court GRANTS the Motion.

Defendant argues that the claims brought against it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Defendant is an "administrative entity" that is not suable, Plaintiff has failed to allege that Defendant's immunity was waived and that notice was not brought as required by the New Mexico Tort Claims Act ("TCA") N.M. Stat. Ann. §§ 41-4-1 to 41-4-27, and Plaintiff failed to assert "a cognizable American with Disabilities Act Claim." Mot. at 3-7. Plaintiff did not file a response[1] to Defendant's Motion.

---

[1] Responses to motions "must be served within fourteen (14) calendar days after service of the motion." D.N.M.LR-Civ. 7.4(a). A party's failure to serve a timely response to a motion "constitutes consent to grant the motion." *Id.* 7.1(b). However, the "failure to respond to a Rule 12(b)(6) motion does not release the Court from its duty" to examine the complaint to assess whether it has sufficiently stated a claim for relief. *Cataldo v. City of Albuquerque ex rel. Parks and Recreation Dep't*, Civ. No. 23-820 JCH/GJF, 2024 WL 2804050, at *1 (D.N.M. May 31, 2024) (citing *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003)).

## BACKGROUND

*Pro se* Plaintiff initially filed her case in the Second Judicial District Court of the State of New Mexico on August 21, 2025. Civil Compl. at 1, ECF No. 1-2. Defendant removed the case to this Court on the basis of federal question jurisdiction. ECF No. 1 at 2. Plaintiff's claims arose from the following event:

> On July 4, 2025, I was injured at the Mesa Manzano pickleball courts when I went to retrieve a ball by entering Court 26 through a gate that was already partially open inward. In the rush of the game, I pushed the gate further inward to step through, but because the gate was improperly installed with 180-degree hinges that allowed it to swing inward and build pressure, it suddenly snapped back with force. The gate struck me in the face, causing the injury. The incident was recorded on the Mesa Manzano cultural center security cameras. A major contributing factor was that the court signage was not ADA compliant. The sign is small, shiny plastic signs with tilt, glare, and drop-shadow text made them difficult to read and reduced visibility of the correct instructions for entering the court. As a disabled American with a documented history of reading difficulty, I rely on ADA-compliant signage for accessibility. In my current employment, I required accommodations emphasizing contrast, bold text, and color to read effectively, and I continue to struggle with thin lettering against light backgrounds. If the court signage had met ADA standards for readability, I would have been able to clearly follow posted directions and could have avoided the accident. Additionally, no other public pickleball court in the city has the wrong hinges installed and no other court has springs on the doors. All other courts have the proper hinges needed for this kind of color. It's a combination of the wrong hinges and inadequate door operation signage.

Civil Compl. at 1.

Plaintiff seeks damages in the amount of $9,502.21 and "interest and court costs" for what she describes as:

> Pain from the initial accident, dental work, initial medical supplies, specialized food costs due to dental care delay over a holiday weekend, lost wages, stress of seeking legal counsel, ongoing distress caused by the city's denial of liability, ongoing distress from the City's refusal to accept responsibility and disregard for ADA compliance and accessibility.

*Id.*

## LEGAL BACKGROUND

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal if a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A court accepts all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *Id.* at 679. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While the court can overlook the "failure to cite proper legal authority, . . . confusion of various legal theories, . . . or . . . unfamiliarity with pleading requirements[,]" a pro se plaintiff must still meet her burden "of alleging sufficient facts on which a recognized legal claim could be based." *Id.* A plaintiff "should be allowed to amend" her complaint where "factual allegations are close to stating a claim but are missing some important element[.]" *Id.*

## ANALYSIS

Defendant first claims that Plaintiff's Complaint should be dismissed because it is not suable as an administrative entity part of the City of Albuquerque. Mot. at 3-4. Relatedly, as an administrative entity Defendant alleges "there is no procedural mechanism to serve the Department" pursuant to New Mexico Rule of Civil Procedure 1-004. *Id.* at 4-5. Defendant next asserts that any claims alleged under the TCA should be dismissed because of the failure to provide notice as required by the TCA and failure to allege that immunity has been waived. *Id.* at 5-7.

Finally, Defendant argues Plaintiff has failed to state a claim under the Americans with Disabilities Act as she has "not alleged that she exhausted administrative remedies, as is required before pursuing certain ADA claims" and has not "alleged facts showing intentional discrimination or denial of access to a service, program, or benefit by reason of her disability." *Id.* at 7.

Because Defendant is not an independent entity with existence apart from the City of Albuquerque, it is not suable, and the Court need not address the other bases for dismissal raised by Defendant.

Administrative departments "organized under the umbrella of the City of Albuquerque" include entities "such as the Parks and Recreation Department." *Cataldo*, 2024 WL 2804050, at *2. Such entities "do not have legal identities of their own and therefore cannot be sued independently of the City itself." *Id.* (citing *Ketchum v. Albuquerque Police Dep't*, No. 91-2200, 1992 WL 51481, at *2 (10th Cir. Mar. 12, 1992)). The Court finds that Defendant is not a suable entity such that Plaintiff has not stated claims for relief to survive Rule 12(b)(6) dismissal. As such, the Court grants Defendant's Motion. *See id.* at *2, *6 (granting in part defendant's Rule 12(b)(6) motion, dismissing with prejudice plaintiff's claims against the Parks and Recreation Department as a subdivision of the City of Albuquerque).

## CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. The Motion to Dismiss Plaintiff's Complaint, With Prejudice, ECF No. 7, is **GRANTED**;

2. This action is **DIMISSED WITH PREJUDICE**;[2]

3. All other pending motions are **DENIED** as moot; and

---

[2] No amendment could make this Defendant a suable entity.

4. This case is now closed.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE